FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 19 2010
P.M.
TIME A.M.
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
FITZROY BENNETT,
        Petitioner,

- against -

JAMES CONWAY, Superintendent, Attica
Correctional Facility, et al.,
        Respondents.
---------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

09 Civ. 5264 (BMC)

**COGAN, District Judge.**

This is a habeas corpus proceeding under 28 U.S.C. §2254(d) in which petitioner challenges his conviction for burglary and assault. The petition is dismissed for the reasons set forth below.

## FACTUAL BACKGROUND

The facts surrounding petitioner's conviction can be simply stated: a jury found that petitioner and two accomplices had forced their way into the apartment of one Audwin Mathieu, who was known to petitioner, and beat, robbed, and stabbed him. Mathieu, who barely survived, was with a woman at the time of the assault. Mathieu was the primary witness against petitioner at trial. He identified petitioner as one of his three assailants. During very aggressive cross-examination, the trial court limited questioning in three areas.

First, Mathieu testified that he worked as a doorman during the day and also had a night job. On cross-examination, counsel elicited that Mathieu's night job was as a male stripper. In response to further questions, Mathieu testified that he paid taxes on his income as a doorman,

but the trial court sustained an objection to the question of whether Mathieu paid taxes on his income as a stripper. In a sidebar, the trial court asked defense counsel if he had a good-faith basis for asking whether Mathieu paid taxes on his income as a stripper, and counsel could not identify any.

Second, defense counsel elicited that Mathieu did not know the name of the woman he was with, and that he had brought her into his house that night. The trial court sustained an objection, however, to counsel's question: "You pick up a hooker that night?" Again, a sidebar took place, and again, the trial court adhered to its ruling when counsel did not identify a good-faith basis for the question.

Third, Mathieu testified on direct examination that he had previously been convicted of driving while intoxicated. On cross-examination, defense counsel elicited that Mathieu's blood alcohol content was double the legal limit and that his arrest in that condition occurred at 9:00 a.m. The Court permitted counsel to question as to whether Mathieu had a "drinking problem," which Mathieu denied. The Court then sustained objections to the following two questions:

Q: You didn't mind jumping in that car drunk?

Q: Did you care that you may kill somebody in that car when you were drunk or didn't you care?

Petitioner appealed his conviction on one ground: that the trial court's curtailment of cross-examination was improper and violated petitioner's rights under the Confrontation Clause. The Appellate Division held that the trial court had acted within its discretion in sustaining the objections to these questions on the ground that defense counsel had failed to establish a good-faith basis for the questions. The New York Court of Appeals denied leave. People v. Bennett,

50 A.D.3d 1047, 854 N.Y.S.2d 904 (2d Dep't), leave to app. den., 11 N.Y.3d 734, 894 N.Y.S.2d 657 (2008).

## DISCUSSION

### I. Standard for Habeas Corpus Review

A § 2254 petition for a writ of habeas corpus may be granted to a state prisoner on a claim that was "adjudicated on the merits" in state court only if the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Hoi Man Yung v. Walker, 468 F.3d 169, 176 (2d Cir. 2006) (quoting 28 U.S.C. § 2254(d)). A legal conclusion by a state court is contrary to clearly established federal law if it "applies a rule that contradicts the governing law" or if it confronts "a set of facts that are materially indistinguishable from a decision" of the Supreme Court yet arrives at a result different from that precedent. Price v. Vincent, 538 U.S. 634, 640, 123 S.Ct. 1848 (2003). A decision involves an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495 (2000). Furthermore, a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

3

## II. Limitation of Cross-Examination and the Sixth Amendment

The Sixth Amendment right to confront witnesses applies in both federal and state criminal prosecutions. Delaware v. Van Arsdall, 475 U.S. 673, 678, 106 S.Ct. 1431 (1986); Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065 (1965). The right to cross-examination is not, however, absolute, and a trial court may place reasonable limits on a defense attorney's cross-examination of a prosecution witness "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Young v. McGinnis, 411 F. Supp. 2d 278, 302 (E.D.N.Y. 2006) (quoting Van Arsdall, 475 U.S. at 679 (citations omitted)). "Generally speaking, the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20, 106 S.Ct. 292 (1985). Cross-examination is not improperly curtailed if "the jury is in possession of facts sufficient to make a 'discriminating appraisal' of the particular witness' credibility." United States v. Roldan-Zapata, 916 F.2d 795, 806 (2d Cir. 1990) (quoting United States v. Singh, 628 F.2d 758, 763 (2d Cir. 1980)); see Howard v. Walker, 406 F.3d 114, 129 (2d Cir. 2005) (quoting Davis v. Alaska, 415 U.S. 308, 318, 94 S.Ct. 1105 (1974)).

## III. Application

The Appellate Division decision is not contrary to or an unreasonable application of any Supreme Court authority. There is no Supreme Court case that construes the Confrontation Clause as requiring a trial court to allow cross-examination that is rhetorical, argumentative, cumulative, or lacking a good faith basis. See U.S. v. Stewart, 433 F.3d 273, 313 (2d Cir. 2006)

(curtailment of cross-examination does not constitute a violation of defendant's confrontation rights where it is done "for the purpose of keeping the record reasonably free of evidence that was cumulative ... ."). Moreover, "[c]ross-examination is not improperly curtailed if the jury is in possession of facts sufficient to make a 'discriminating appraisal' of the particular witness's credibility." United States v. Rosa, 11 F.3d 315, 336 (2d Cir. 1993).

Here, defense counsel obtained virtually all of the ammunition he needed to impugn Mathieu's credibility to the jury. With regard to Mathieu's driving conviction, he was able to show that Mathieu was drunk at 9 a.m. and that he nevertheless denied having a drinking problem. The fact that trial counsel was not able to argue with Mathieu over the severity of Mathieu's crime – "[d]id you care that you may kill somebody in that car when you were drunk or didn't you care" – left him in no worse a position to argue that, in fact, Mathieu didn't care because he drove while drunk.

Similarly, it was quite obvious that Mathieu's female companion was not, at the least, a person of upstanding virtue – defense counsel brought out that Mathieu didn't even know her name and yet she accompanied him home to his bedroom. Precluding trial counsel from emphasizing that "you picked up a hooker" merely blocked a question to which the answer was of marginal relevance and already within the jury's ability to conclude.

Finally, not letting Mathieu testify whether he paid income taxes on his night job as a stripper when he disclosed that he paid taxes on his day job as a doorman was not contrary to or inconsistent with Supreme Court authority in light of the fact that counsel could not identify a good-faith basis for the question. Moreover, the information was at best marginally relevant. See U.S. v. Crowley, 318 F.3d 401, 417 (2d Cir. 2003) ("trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination

5

based on concerns about, among other things ... interrogation that is repetitive or only marginally relevant") (internal citations omitted) (quoting United States v. Rahman, 189 F.3d 88, 132 (2d Cir. 1999); U.S. v. Concepcion, 983 F.2d 369, 391 (2d Cir. 1992) ("The scope and extent of cross-examination lies within the discretion of the trial judge. The trial court may, in its discretion, preclude questions for which the questioner cannot show a good faith basis"); U.S. v. Katsougrakis, 715 F.2d 769, 779 (2d Cir. 1983) ("when confronted with a demand for an offer of proof," questioner must "provide some good faith basis for questioning that alleges adverse facts.").

**IV. Unexhausted Claims**

Respondent's submission discusses two additional points of error which respondent asserts, although unexhausted, are in the petition: "actual innocence" and "ineffective assistance of counsel." There is indeed a brief discussion of the law concerning actual innocence in the petition, but it is disconnected from either any facts or any claim of error.

Habeas corpus law does not recognize such a claim. "A claim 'based on newly discovered evidence has never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.'" Ortega v. Duncan, 333 F.3d 102, 108 (2d Cir. 2003), quoting Herrera v. Collins, 506 U.S. 390, 400, 113 S.Ct. 853 (1993). The Supreme Court in Herrera reasoned that, "[f]ew rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence." 506 U.S. at 401. Most district courts in this circuit have rejected such claims. See Green v. Walsh, No. 03CV00908, 2006 WL 2389306 at *18 (S.D.N.Y. Aug. 17, 2006) ("a stand-alone claim of actual innocence is not cognizable on habeas review") (internal citations and quotations omitted); Ortiz v. Woods, 463 F. Supp. 2d 380

(W.D.N.Y. 2006) (noting the Supreme Court's declaration in Herrera that absent an independent constitutional violation at trial, a claim of newly discovered evidence does not provide a basis for habeas relief); Bravo v. Couture, No. 98-CV-8050, 2003 WL 22284147 at *4 ("Habeas corpus review does not extend to 'freestanding claims of actual innocence.'").

As far as ineffective assistance of counsel, the sum and substance of petitioner's allegation is that he was "denied the effective assistance of counsel by counsel's failure to adequately investigate and prepare for trial." Like his brief reference to "actual innocence," the claim of ineffective assistance is "plainly meritless" and therefore dismissed. See Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005) (a "district court would abuse its discretion if it were to grant [petitioner] a stay when his unexhausted claims are plainly meritless."); see also 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state").

The standard established by the Supreme Court in Strickland v. Washington is that to demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficiency prejudiced his defense. Deficiency is measured by an objective standard of reasonableness and whether "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. To show prejudice, petitioner "must show there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Because petitioner's claim is merely a conclusory allegation, it is insufficient for habeas relief. Loving v. O'Keefe, 960 F. Supp. 46, 51 (S.D.N.Y. 1997). "Petitioner's bald assertion

that counsel should have conducted a more through pretrial investigation fails to overcome the presumption that counsel acted reasonably." Matura v. United States, 875 F. Supp. 237-38 (S.D.N.Y. 1995); Lamberti v. United States, 95 Civ. 1557, 1998 WL 118172, at *2 (S.D.N.Y. Mar. 13, 1998) (denying habeas petition since "[t]he allegations of failure to investigate or to communicate are vague and conclusory. They do not identify counsel's asserted failings with any specificity or show how any different conduct might have changed the result.").

Even looking beyond the nonspecific and unsupported assertion, nothing in the record suggests that counsel's investigation or preparation for trial fell below a reasonable range of competency. There was no indication from counsel's performance at trial that he was insufficiently prepared or unable to present a defense. Quite to the contrary, counsel demonstrated a command for the facts of the case and presented a zealous defense. Petitioner has failed to overcome the presumption that counsel acted reasonably and, therefore, has failed to satisfy the Strickland test. In addition, because petitioner has identified no facts that counsel might have found that would have any bearing on the results of his trial, he has failed to show prejudice.

## CONCLUSION

The application for habeas corpus relief is denied, and the petition is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be

taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
 April 19, 2010